No. 33,907

D. F. STANLEY et al., *Appellees*, v. EVA D. BEATY, *Appellant*.

(83 P. 2d 637)

Opinion filed November 5, 1938.

*Walter L. Bullock,* of Dodge City, for the appellant.

*Ray H. Calihan,* of Garden City, *D. F. Stanley* and *L. E. Weltmer,* both of Mankato, appellees (did not argue the case and filed no brief).

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to recover an attorneys' fee alleged to be due from defendant on account of professional services rendered to her by plaintiffs.

Defendant's answer contained a general denial, and an allegation that "she has paid the claim . . . before the action was commenced." She further answered that in the lawsuit (a divorce case and its incidents) in which plaintiffs' professional services had been rendered in her behalf, it had been adjudged that her adversary should pay them.

The cause was tried by the court without a jury, and judgment for $500 was entered in favor of plaintiffs.

Defendant appeals, and specifies error as follows:

"1. The court erred in not sustaining defendant's demurrer to the evidence.

"2. The court erred in admitting in evidence plaintiff's exhibit 1.

"3. The court erred in overruling defendant's motion for new trial."

Touching the first of these, the facts of the litigation in which the alleged services were rendered and the attorneys' fee sued for was earned, it appears that some three or four years ago Ralph W. Beaty and this defendant, Eva D. Beaty, were husband and wife and resided in Kearny county. They were people of considerable means, consisting chiefly of western Kansas lands and cattle. Their marital relations had developed into discord to such an extent that Ralph W. Beaty sued the present defendant for a divorce in the district court of Kearny county.

To defend against the action Mrs. Beaty employed Ray H. Calihan, Esquire, of Garden City, and about the same time she made the long journey to Jewell county and employed Messrs. Stanley and Weltmer, attorneys of Mankato, to assist Mr. Calihan. Following this employment, these three attorneys, plaintiffs herein, filed an answer and cross petition in Mrs. Beaty's behalf. It would serve no purpose to narrate in detail the history of that lawsuit, which culminated in a complete victory for Mrs. Beaty. She, and not her husband, was granted the divorce; she was given the custody of their minor child; she was awarded $6,400 in alimony, and given a specified division of personal property, together with the Beaty homestead with 4,400 acres of land pertaining thereto. In addition to the foregoing, provision was made to save her harmless from many heavy obligations to which she was bound by her signature in various transactions in which her husband was interested. The aggregate of property values and moneys accorded to her by the judgment was about $46,000. To protect this general judgment from being vitiated by the meddling of some federal functionary under color of the Frazier-Lemke act, and certain bankruptcy proceedings, recourse had to be had in the United States district court; and the plaintiffs also had to give some professional concern to the protection of certain water rights appertaining to the lands awarded to Mrs. Beaty in the divorce decree.

In that decree the husband was required "to pay to her and reimburse her [Mrs. Beaty] for attorneys' fees, attorneys' expenses and suit money in the aggregate sum of one thousand dollars ($1,000), in addition to the sum heretofore paid by him [Mr. Beaty]."

In behalf of plaintiffs, Mr. Stanley testified as to the value of the services of himself and his associates. After telling of three automobile trips back and forth from Mankato to Garden City and Lakin in connection with the divorce case—two of them of 600 miles each and one of 740 miles, his testimony, abridged, reads:

"Based on results which approximate $48,000 or $49,000 just on that alone, I wouldn't hesitate to justify $5,000 or $6,000 attorney fees. I am satisfied that our joint offices, I mean yourself, Mr. Weltmer and myself, are entitled to, over and above what we have received, which has gone to expense, $3,000."

In view of the foregoing it cannot be said that the judgment for $500 in favor of plaintiffs was not supported by the evidence, and that defendant's demurrer thereto should have been sustained.

The next error urged pertains to the admission in evidence of plaintiffs' exhibit 1, which was a letter from Mrs. Beaty to plaintiffs Stanley and Weltmer, in which, after protesting against the tone of a letter she had received from them, she said, in part:

"I certainly did not expect to be notified of my bill in such a manner. . .

"I want to and will gladly pay you for your services, but could we not come to an agreeable and reasonable settlement in a more friendly and genteel way?

. . . . . . . . . . . . . . .

"All I want is a chance to pay you, and I am willing to turn over to you the $2,000 I am to receive in January. Also Mr. Beaty is to pay you $1,000, and in view of the fact that I paid your expenses at the beginning of the case I think that is a more than reasonable settlement."

This exhibit was offered and admitted in evidence over objection of defendant's counsel. The record reads:

"Mr. Calihan: We will offer this exhibit 1 in evidence.

"Mr. Bullock: To which we object as being incompetent, irrelevant and immaterial, not tending to prove any issue in the case. The letter, if anything, is an offer to compromise the suit or claim.

"Mr. Calihan: It isn't for that purpose.

"Mr. Bullock: It is objected to for the reason it isn't pled.

"Mr. Calihan: It is offered for the purpose of substantiating or corroborating the testimony of Mr. Stanley that Mrs. Beaty had been informed that the allowance made by the court would not pay the bill, and she answered and realized that situation.

"The Court: I will receive it in evidence."

Whether the letter *also* constituted an offer "to compromise the suit or claim," it certainly did contain an express acknowledgment that she owed a bill for services which she declared she would "gladly pay," and the letter was competent evidence on the latter point. Since there was no jury to be misled by possible misinterpre-

tation of the purpose of its admission in evidence, the error urged on this point does not appear.

There was no convincing evidence adduced to show that the plaintiffs employed by Mrs. Beaty were to look exclusively to whatever amount, if any, the trial court in the divorce decree might require the husband, Ralph Beaty, to pay to Mrs. Beaty to compensate them for their professional services. The evidence to which the trial court gave credence was clearly to the contrary.

The motion for a new trial raised no question of importance, and there is nothing further in this appeal to justify discussion. The judgment is affirmed.